UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:16CV-00120-JHM

ESTATE OF ROBERT MATTHEW BRADLEY,                               PLAINTIFF
By his Administratrix, Lena Goins

v.

GERRY WRIGHT, Individually and in his
Official Capacity as Ohio County Jailer and
OHIO COUNTY JAIL                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Gerry Wright, individually and in his official capacity as Ohio County Jailer, and Ohio County Jail, for summary judgment [DN 29] and on a motion by Plaintiff, Estate of Robert Matthew Bradley, by his Administratrix Lena Goins, for leave to file a first amended complaint [DN 31]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

On August 7, 2015, Robert Matthew Bradley was arrested by the Kentucky State Police at approximately 4:47 p.m. and charged with failure to wear a seatbelt, failure to produce insurance card, driving on DUI suspended license, first offense, and operating a motor vehicle under the influence of alcohol/drugs, third offense. (Uniform Citation, DN 29-2.) Bradley was booked into the Ohio County Detention Center ("OCDC" or "jail") at approximately 5:52 p.m. on that date. Deputies DeAnna Culbertson and Jacob Phelps were involved in the booking process with Bradley. At the conclusion of the booking process, Bradley was placed in a detox cell located by the booking area in the OCDC. Bradley was discovered not breathing in the early

morning hours of August 8, 2015. EMS was called at that time. The Kentucky State Police investigated the death and issued its report in July 2017.

Plaintiff, Estate of Robert Matthew Bradley, by his Administratrix Lena Goins, brought this action on September 26, 2016, for violations "of both [Bradley's] civil rights, [42] U.S.C. § 1983 and the Prison Litigation Reform Act, 42 U.S.C. § 1997." (Complaint at ¶7.) Plaintiff appears to also assert state law claims for negligence against the Defendants arising from the same conduct. Specifically, Plaintiff alleges that "[d]uring [Bradley's] incarceration at the Ohio County Jail and under the control of the defendants, plaintiff's decedent was mistreated, abused, negligently treated, untreated and neglected before and in a cell during which time it was plainly evident that he required medical attention." (Id. at ¶ 5.)

Deadlines were extended multiple times in this action. The scheduling order ultimately required the parties to file all motions to join additional parties no later than October 17, 2017 and all motions to amend the pleadings no later than November 17, 2017. The discovery deadline was set for March 1, 2018, and was later extended to April 6, 2018, for the sole purpose of taking the depositions of Lena Goins and Abera Bembry, Bradley's sister. The dispositive motion deadline was extended to May 7, 2018. On May 7, 2018, Defendants filed a motion for summary judgment. On May 25, 2018, Plaintiff filed a response to the motion for summary judgment. At the same time, Plaintiff filed a motion for leave to amend the complaint to add claims against Deputies DeAnna Culbertson and Jacob Phelps. Both the motion to amend the complaint and the motion for summary judgment are now before the Court.

## II. MOTION FOR LEAVE TO AMEND THE COMPLAINT

"A party is entitled to amend its pleading once as a matter of course within 21 days of serving it, or, if a responsive pleading is required, within 21 days after service of a responsive

pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f)." Detrick v. Heidtman Steel Prod., Inc., 677 Fed. Appx. 240, 246 (6th Cir. 2017)(citing Fed. R. Civ. P. 15(a)). "Outside of this timeframe, a party may only amend its pleading with the written consent of the opposing party or leave from the court." Id. However, "[t]he court should freely give leave when justice so requires." Id. "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations omitted). "'Denial may be appropriate, however, when there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Detrick, 677 Fed. Appx. at 246 (quoting Benzon v. Morgan Stanley Distributors, Inc., 420 F.3d 598, 613 (6th Cir. 2005) (internal quotation marks omitted)).

Defendants object to the motion for leave to amend arguing that (1) the amendment does not relate back to the original complaint, (2) the new causes of action as to DeAnna Culbertson and Jacob Phelps are barred by the statute of limitations, and (3) an amendment at this stage of the litigation constitutes undue prejudice and undue delay.

First, Plaintiff's amended complaint seeks to add two new parties – Deputies Culbertson and Phelps in their individual capacities. Contrary to Defendants' argument, questions regarding whether the statute of limitations has run on the Plaintiff's claims against these deputies or whether the claims relate back to the original complaint pursuant to Fed. R. Civ. P. 15 are premature at this point. These questions are more appropriately raised by Culbertson and Phelps in a motion to dismiss. Therefore, the Court declines to decide these issues in the current motion for leave to file an amended complaint.

Second, while the Court recognizes that Plaintiff delayed seeking leave to amend until after the close of discovery, the Sixth Circuit requires "'at least some significant showing of prejudice to deny a motion to amend based solely upon delay.'" Prater v. Ohio Educ. Ass'n, 505 F.3d 437, 445 (6th Cir. 2007) (internal quotation marks omitted). See also Siegner v. Township of Salem, 654 Fed. Appx. 223, 228–29 (6th Cir. 2016)("'[W]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.'" Id. (quoting Wade v. Knoxville Utils. Bd., 259 F.3d 452, 459 (6th Cir. 2001)).

After a review of the record, the Court finds that Plaintiff's amended complaint is not a product of undue delay and will not result in significant prejudice. The record reflects that while not the fault of the parties, Plaintiff's receipt of the Kentucky State Police report was delayed. Additionally, Plaintiff was forced to file a motion to compel discovery requested five months earlier from Defendants regarding the identities and roles of the deputies on duty the night of Bradley's death. The Magistrate Judge further ordered the Defendants to produce these deputies, along with Jailer Wright, for depositions. Thus, not until the final months of discovery did Plaintiff begin to gain access to the information surrounding the death of Bradley. Finding that the interest of justice requires granting leave to amend and for the reasons set forth more fully below, the Court grants Plaintiff leave to amend the complaint.

### III. MOTION FOR SUMMARY JUDGMENT

Unfortunately, Plaintiff's proposed amended complaint does not clarify any of the claims brought against the original defendants or the new defendants. It merely adds two defendants. Had the Defendants filed a motion to dismiss early in these proceedings, the Court would have likely dismissed all of the federal claims. For example, "[i]n order to make a claim pursuant to 42 U.S.C. § 1983, a plaintiff must establish a violation of an existing constitutional right by a

4

person acting under color of state law." Muhammad v. Skinner, 193 F. Supp. 3d 821, 830 (E.D. Mich. 2016), appeal dismissed (Sept. 8, 2016)(citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)). "Section 1983, however, does not confer any substantive rights but rather affords a means to 'vindicate rights conferred by the Constitution or laws of the United States.'" Muhammad, 193 F. Supp. 3d at 830 (quoting Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir. 2010)).[1] Here, Plaintiff alleged that "[d]uring [Bradley's] incarceration at the Ohio County Jail and under the control of the defendants, plaintiff's decedent was mistreated, abused, negligently treated, untreated and neglected before and in a cell during which time it was plainly evident that he required medical attention." (Complaint at ¶ 5.) Plaintiff also alleged that "Defendants' failures were a substantial factor in causing severe physical pain and mental suffering to plaintiff's decedent and ultimately causing his death." (Id. at ¶ 6.) Since § 1983 does not confer any substantive rights, an examination of the complaint early in this litigation may have supported an argument that Plaintiff failed to allege the deprivation of a right secured by the Constitution or laws of the United States.

Additionally, with respect to the municipal liability claim against Ohio County, the Plaintiff's complaint failed to specifically identify or allege an official Ohio County custom, policy, or practice that violated Bradley's constitutional rights. Monell v. Department of Social Services, 436 U.S. 658, 691 n. 55 (1978)). Similarly, with respect to the supervisory liability claim brought against Jailer Wright in his individual capacity, Plaintiff did not allege that the Jailer either "'encouraged the specific incident of misconduct or in some other way directly

---

[1] In as much as Plaintiff asserts a claim under the Prison Litigation Reform Act, 42 U.S.C. § 1997, such an individual claim does not exist. "Plaintiff may not assert a cause of action under § 1997, because this statute only creates a cause of action for the Attorney General of the United States." McKenzie v. County of Erie, 2013 WL 5348084, at *2 (W.D.N.Y. Sept. 23, 2013); McDonald v. Rivera, 2008 WL 268345, at *11 (N.D.N.Y. Jan. 30, 2008); Stone v. GEO Grp., Inc., 2018 WL 2187378, at *3 (D.N.M. May 11, 2018)("The PLRA is not sufficient to establish jurisdiction, as there is no private right of action under that statute.").

participated in it.'" Sexton v. Kenton Cty. Det. Ctr., 702 F. Supp. 2d 784, 792 (E.D. Ky. 2010)(quoting Doe v. Magoffin County Fiscal Court, 174 Fed. Appx. 962, 970 (6th Cir. 2006). See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)("At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."). Thus, given these pleading deficiencies, Defendants should have moved to dismiss the federal claims. At the very minimum, such a motion would have clarified the claims.

Instead of addressing these deficiencies early in this case, the parties litigated this action without a clear understanding of the claims asserted by Plaintiff. And as a result, the parties are just now arguing what claims were actually brought despite the completion of discovery and expiration of the dipositive motion deadline. While Plaintiff's complaint should have clearly articulated the Estate's claims, the Defendants should have sought to clarify those claims if unsure, especially given the interrogatories and deposition questions asked by Plaintiff's counsel prior to the close of discovery.

In light of these observations, the Court rejects the amended complaint tendered with the Plaintiff's motion for leave to amend. Instead, the Court requires Plaintiff to file an amended complaint clearly and adequately identifying each claim Plaintiff is asserting against each Defendant sufficient to satisfy the Iqbal and Twombly guidelines. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). For example, if Plaintiff is asserting a failure-to-train claim against Ohio County, Plaintiff shall clearly identify the cause of action and plead facts showing Plaintiff's entitlement to relief, which "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Similarly, if Plaintiff is claiming a supervisory liability claim against

6

the Jailer, then Plaintiff must identify facts that would permit the Court to draw the reasonable inference that Jailer Wright participated in the misconduct or at least implicitly authorized, approved, or knowingly acquiesced in the misconduct of the offending subordinate. Finally, with respect to the new claims against the individual deputies, the Plaintiff should clearly articulate the cause of action against them – deliberate indifference to medical care—and plead facts to support the Estate's claim for relief.

For these reasons, the Court grants Plaintiff leave to amend the complaint. After filed, the amended complaint will then be subject to a motion to dismiss by any Defendant who believes such a motion is warranted, including any arguments by Deputies Culbertson and Phelps regarding the relation back and statutes of limitations issues. Once the amended complaint is filed and any appropriate motions resolved, the Magistrate Judge will conduct a scheduling conference to determine whether additional discovery is needed.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendants, Gerry Wright, individually and in his official capacity as Ohio County Jailer, and Ohio County Jail, for summary judgment [DN 29] is **DENIED** with leave to refile.

**IT IS FURTHER ORDERED** that the motion by Plaintiff, Estate of Robert Matthew Bradley, by his Administratrix Lena Goins, for leave to file a first amended complaint [DN 31] is **GRANTED**. The amended complaint tendered with the motion shall not be filed by the Clerk of Court. **No later than August 20, 2018,** Plaintiff shall file an amended complaint consistent with this opinion.

*Joseph H. McKinley*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

July 31, 2018